IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN K. ZINNEL,

      Plaintiff,                                No. CIV S-10-2406 GEB DAD PS

      v.

CITIMORTGAGE, INC. and             FINDINGS AND RECOMMENDATIONS
CR TITLE SERVICES, INC.

      Defendants.
_____/

        This matter came before the court on September 21, 2010, for hearing on plaintiff's renewed motion for temporary restraining order (Doc. No. 10) to halt the trustee's sale of his home. Plaintiff, proceeding pro se, appeared telephonically on his own behalf. Jillian A. Benbow, Esq. appeared telephonically on behalf of the defendants.

        For the reasons set forth below, upon consideration of the briefing on file, the parties' arguments at the hearing, the supplemental submissions regarding the current status of the previously scheduled trustee's sale and the entire file, the undersigned recommends that plaintiff's motion for a temporary restraining order be denied as having been rendered moot by the cancellation of the trustee's sale.

        On September 8, 2010, Plaintiff Steven K. Zinnel, proceeding in propria persona, initiated this action by filing his complaint. The following day plaintiff filed an ex parte

1

application for a temporary restraining order ("TRO") and preliminary injunction in which he sought to enjoin the non-judicial foreclosure sale of his home, which he contended was scheduled to occur on September 22, 2010. Plaintiff argued that he was entitled to a TRO enjoining the trustee's sale because defendants were mistaken about the amount due under the Note, and that the Assignment of the Bank Deed of Trust, Substitution of Trustee, Notice of Default, and Notice of Trustee's Sale were all invalid. Further, plaintiff argued that defendants did not provide proper notice to the junior lien holder, provide plaintiff with the documents required by law, or comply with California Civil Code § 2924. In an order filed September 16, 2010, the assigned district judge denied plaintiff's ex parte application for a TRO and preliminary injunction, concluding that plaintiff had failed to demonstrate that he was likely to succeed on the merits of his wrongful foreclosure claim, that defendants were responsible for any harm he would suffer or that the public interest favored the granting of the requested injunctive relief.

On September 20, 2010, plaintiff filed an amended complaint along with another motion for a temporary restraining order. (Doc. No. 10.)[1] In this motion, however, plaintiff contended that the trustee's sale should be enjoined because on September 16, 2010, he had paid defendants by bank wire transfer the entire amount ($47, 182.69) that defendant's counsel had claimed was required to bring plaintiff's mortgage loan current. Plaintiff also attached to his motion documents and records supporting his assertion in this regard. Accordingly, the undersigned set the matter for telephonic hearing. At that hearing, counsel for defendants informed the court that the trustee's sale in question had already been postponed to October 22, 2010. Counsel also acknowledged that it appeared that plaintiff had cured any default by his payment, which would result in the cancellation of the trustee's sale in question. Counsel also reported that she was in the process of confirming that plaintiff's payment had been received by

---

[1] The motion was referred to the undersigned pursuant to Local Rule 302(c)(21).

defendant CitiMortgage, Inc.

Accordingly, the undersigned took plaintiff's motion under submission and directed counsel for defendants to report to the court by September 28, 2010, on the status of the trustee's sale which plaintiff sought to enjoin. On September 28, 2010, counsel for defendants filed a declaration with the court (Doc. No. 18) advising that plaintiff's mortgage loan had been reinstated on or about September 23, 2010, and that a Notice of Rescission of Notice of Default was executed by defendant CR Title Services, Inc. and recorded in the records of Sacramento County on September 27, 2010. (Id.) A copy of the recorded Notice of Rescission of Notice of Default is attached to counsel's declaration and provides that the previously recorded Declaration of Default and Demand for Sale and the Notice of Breach an Election to Cause Sale are rescinded, cancelled and withdrawn. (Id., Ex. A.) In light of the rescission, counsel for defendants asserts that plaintiff's motion for a TRO should be denied as moot since there is no longer a trustee's sale pending.

On October 11, 2010, plaintiff sent an email to the undersigned's courtroom deputy in which he argued that his request for a TRO has not been rendered moot by the recorded Notice of Rescission because a foreclosure sales agent was still listing on its internet website that the trustee's sale of plaintiff's home remains schedule for October 22, 2010.[2] Plaintiff's argument is unpersuasive.

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.</u>, 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

---

[2] Plaintiff is advised that emailing documents to the undersigned's courtroom deputy for the court's consideration is not authorized. Documents for the court's consideration must be properly filed and served on opposing counsel. Plaintiff is forewarned that he must comply with the Federal Rules of Civil Procedure and the Local Rules of this court, despite his pro se status.

3

equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, ___, 129 S. Ct. 365, 374 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, ___ F.3d ___, ___, 2010 WL 3665149, at *8 (9th Cir. Sept. 22, 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at 376.

Most importantly for purposes of the pending motion, federal courts are courts of limited jurisdiction and in considering a request for a TRO the court is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). With respect to the trustee's sale which plaintiff seeks to enjoin, the court does not have an actual controversy before it. As noted above, defendants have recorded a Notice of Rescission of Notice of Default which states that the previously recorded Declaration of Default and Demand for Sale and the Notice of Breach an Election to Cause Sale are rescinded, cancelled and withdrawn. A trustee's sale of plaintiff's home is no longer authorized. The mere fact that the website of a foreclosure sales agent has apparently not yet been updated to reflect this recent change does not mean that the trustee's sale is scheduled to go forward. The court has been assured by defense counsel in her declaration that there is no longer a trustee's sale pending.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (Doc. No. 10) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file and

1 serve written objections with the court.  A document containing objections should be titled
2 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
3 failure to file objections within the specified time may, under certain circumstances, waive the
4 right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: October 13, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
zinnel10cv2406.tro.f&r