1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN K. ZINNEL,

11            Plaintiff,                    No. CIV S-10-2406 GEB DAD PS

12       v.

13   CITIMORTGAGE, INC. and            ORDER AND
     CR TITLE SERVICES, INC.
14                                      FINDINGS AND RECOMMENDATIONS
         Defendants.
15   _____/

16           This case came before the court on May 27, 2011, for hearing of defendants'

17   motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 21).

18   Jillian A. Benbow, Esq. appeared telephonically for the moving parties.  Plaintiff, proceeding pro

19   se, appeared telephonically on his own behalf.  Oral argument was heard, and the motion was

20   taken under submission.

21           Upon consideration of all written materials filed in connection with defendants'

22   motion, the parties' arguments at the hearing, and the entire file, the undersigned recommends

23   that defendants' motion to dismiss be granted.

24                              BACKGROUND

25           Plaintiff commenced this action in this court on September 8, 2010, by filing a

26   complaint alleging wrongful foreclosure and thirteen other causes of action.  (Doc. No. 1.)  The

1

1    complaint alleged diversity jurisdiction along with federal question jurisdiction predicated on

2    claims presented as arising under the Fair Debt Collection Practices Act and RICO.  Plaintiff

3    paid the required filing fee, and a summons was issued as to named defendants CitiMortgage,

4    Inc. and CR Title Services, Inc.

5                    On September 9, 2010, plaintiff filed an ex parte application for a temporary

6    restraining order, an order to show cause, and a preliminary injunction seeking to prevent

7    defendants from proceeding with a scheduled non-judicial foreclosure sale of his home.  (Doc.

8    No. 5 at 1.)  By order filed September 16, 2010, District Judge Garland E. Burrell, Jr. declined to

9    consider plaintiff's motion for preliminary injunction in the absence of notice to the adverse

10   parties and denied plaintiff's ex parte application for a temporary restraining order and order to

11   show cause due to plaintiff's failure to demonstrate a likelihood of success on the merits of the

12   wrongful foreclosure claim as well as other deficiencies in plaintiff's arguments.  (Doc. No. 9.)

13                   On September 20, 2010, plaintiff filed a new motion for temporary restraining

14   order (Doc. No. 10) and an amended complaint (Doc. No. 11).  The renewed motion was referred

15   to the undersigned.  A telephonic hearing on the renewed motion was conducted on September

16   21, 2010.  Counsel for defendants informed the court that the trustee's sale scheduled for

17   September 22, 2010 had been postponed to October 22, 2010, pending confirmation that funds

18   for reinstatement of plaintiff's mortgage loan had been received from plaintiff.  Plaintiff's motion

19   was taken under submission pending defendants' filing of a status report concerning the trustee's

20   sale.  (Doc. No. 12.)  Defense counsel's declaration filed September 28, 2010, stated that

21   plaintiff's loan had been reinstated, notice of plaintiff's default had been rescinded by notice

22   recorded September 27, 2010, and there was no longer a trustee's sale pending.  (Doc. No. 18.)

23   In findings and recommendations filed October 14, 2010, the undersigned recommended that

24   plaintiff's renewed motion for temporary restraining order therefore be denied as moot.  (Doc.

25   No. 20.)  Those findings and recommendations were adopted in full by the assigned district judge

26   on November 10, 2010.  (Doc. No. 28.)

1    On October 14, 2010, defendants filed their motion to dismiss this action.  (Doc.

2  No. 21.)  When the motion came before the court on December 10, 2010, the parties agreed to

3  participate in an early settlement conference and to defer hearing of the motion.  (Doc. No. 43.)

4  The case did not settle at the early settlement conference conducted on February 17, 2011.  (Doc.

5  No. 49.)  A further settlement conference scheduled for March 24, 2011, was continued to April

6  28, 2011 at the parties' request and was subsequently vacated at the parties' request.  (Doc. Nos.

7  52 & 55)  Defendant's fully briefed motion to dismiss was re-set for hearing on May 27, 2011.

8  (Id.)

9                                    PLAINTIFF'S CLAIMS

10    The operative pleading is plaintiff's first amended complaint filed September 20,

11  2010.  (First Am. Compl. (Doc. No. 11).)  As in the original complaint, the named defendants are

12  CitiMortgage, Inc. and CR Title Services, Inc.  (Id. at 1.)  The caption of the pleading lists

13  plaintiff's fourteen causes of action, which include claims under the Federal Fair Debt Collection

14  Practices Act and the RICO statutes.  (Id.)

15    Plaintiff alleges jurisdiction based on federal question and diversity.  (Id. at 2.)

16  With regard to the latter, plaintiff alleges that he is a California citizen while defendant

17  CitiMortgage, Inc. was incorporated in New York and has its principal place of business in

18  Missouri, and defendant CR Title Services, Inc. was incorporated in Delaware and has its

19  principal place of business in Florida.  (Id.)  Plaintiff alleges that the amount in controversy

20  exceeds $75,000.00 because the property at issue is valued at $579,500.00 or more and the note

21  at issue was originally for the amount of $294,550.00  (Id.)  Plaintiff alleges that at all relevant

22  times he was "the owner of real property located at 11966 Old Eureka Way, Gold River, CA

23  95670 a single family residence in which Plaintiff resides."  (Id. at 3.)

24  /////

25  /////

26  /////

3

DEFENDANTS' MOTION TO DISMISS

I. <u>Standards Applicable to a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)</u>

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must satisfy the requirements of Rule 8. A complaint that alleges fraud or mistake must also satisfy the requirements of Rule 9(b).

    A. <u>Dismissal of Claims Pursuant to the Requirements of Fed. R. Civ. P. 8</u>

Rule 8 requires a party's pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must give the defendant fair notice of what the claims are and the grounds upon which those claims rest. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required by Rule 8, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

For the purpose of determining whether a complaint states a claim upon which relief may be granted, the general rule is that the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. <u>Lee v. City of Los Angeles</u>, /////

1    250 F.3d 668, 688-89 (9th Cir. 2001).  Pro se complaints are held to less stringent standards than

2    formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

3            The Supreme Court recently reiterated that, in order to meet the Rule 8 pleading

4    standard and survive a motion to dismiss, a complaint "must contain sufficient factual matter . . .

5    to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129

6    S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility

7    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

8    that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct at 1949 (citing

9    <u>Twombly</u>, 550 U.S. at 556).  Thus, the plausibility standard requires "more than a sheer

10   possibility that a defendant has acted unlawfully."  129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S.

11   at 556.)  If a complaint pleads facts merely consistent with a defendant's liability, the complaint

12   falls short of the line between possibility and plausibility of entitlement to relief.  129 S. Ct. at

13   1949 (citing <u>Twombly</u>, 550 U.S. at 557.)  Accordingly, legal conclusions and threadbare recitals

14   of the elements of a cause of action supported only by conclusory statements do not suffice and

15   are not entitled to a presumption of truth.  <u>Id.</u> at 1949-50.  Put another way, Rule 8 "does not

16   unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  <u>Id.</u> at

17   1950.  Pursuant to these standards, a court evaluating a motion to dismiss for failure to state a

18   claim must identify the plaintiff's non-conclusory factual allegations and determine whether

19   those allegations, taken as true and construed in the light most favorable to the plaintiff, plausibly

20   give rise to an entitlement to relief.

21           A complaint may be dismissed for failure to show an entitlement to relief "based

22   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

23   cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

24   Thus, a Rule 12(b)(6) motion may challenge the court's ability to grant relief on a claim

25   governed by Rule 8, even if the plaintiff's allegations are accepted as true.

26   /////

1        B.  Dismissal of Claims Pursuant to the Requirements of Fed. R. Civ. P. 9(b)

2        Rule 9 addresses the pleading of "special matters."  In particular, Rule 9(b)

3  requires that, "[i]n alleging fraud or mistake, a party must state with particularity the

4  circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "'Fraud can be averred by

5  specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word

6  "fraud" is not used).'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting

7  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003)).  "When an entire

8  complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to

9  satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the

10  complaint or claim."  Vess, 317 F.3d at 1107 (9th Cir. 2003) (citing Bly-Magee v. California,

11  236 F.3d 1014, 1019 (9th Cir. 2001)).

12        Under Rule 9(b), the circumstances constituting the alleged fraud must be specific

13  enough to give each defendant notice of its particular misconduct so that the defendant can

14  defend against the charge instead of merely denying that it did anything wrong.  Kearns, 567 F.3d

15  at 1124 (citing Bly-Magee, 236 F.3d at 1019).  To satisfy the particularity standard of Rule 9(b),

16  the plaintiff must set forth more than the neutral facts necessary to identify the transaction at

17  issue.  Id. (citing In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994), superceded

18  by statute on other grounds).  This is so because "Rule 9(b) serves not only to give notice to

19  defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

20  the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

21  from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

22  unilaterally imposing upon the court, the parties and society enormous social and economic costs

23  absent some factual basis.'"  Bly-Magee, 236 F.3d at 1018 (quoting In re Stac Elecs. Sec. Litig.,

24  89 F.3d 1399, 1405 (9th Cir. 1996)).

25        Circumstances that must be stated with particularity pursuant to Rule 9(b) include

26  the "time, place, and specific content of the false representations as well as the identities of the

6

1   parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir.

2   2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). See also

3   Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Miscellaneous Serv. Workers, Drivers

4   & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (affirming district court's

5   dismissal of the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege

6   with sufficient particularity the content of the false representations and identities of the parties to

7   the misrepresentations). "In the context of a fraud suit involving multiple defendants, a plaintiff

8   must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"

9   Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir.

10  1989)).

11          Where fraud is not an essential element of all claims alleged in a pleading, only

12  the claims that allege fraud are subject to Rule 9(b)'s heightened pleading standard. Kearns, 567

13  F.3d at 1124 (citing Vess, 317 F.3d  at 1105). When fraud is not an essential element of a claim

14  but the plaintiff includes averments of fraud, any averments that do not satisfy the requirements

15  of Rule 9(b) "should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule

16  9(b)." Id. However, if a plaintiff alleges "a unified course of fraudulent conduct" and relies

17  entirely on that course of conduct as the basis of a claim, "the claim is said to be 'grounded in

18  fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the

19  particularity requirement of Rule 9(b)." In re Daou Systems, Inc., 411 F.3d 1006, 1027 (9th Cir.

20  2005) (quoting Vess, 317 F.3d at 1103-04). See also Sanford, 625 F.3d at 558.

21  II.  The Parties' Arguments

22          Defendants challenge all fourteen of plaintiff's claims on their merits but argue

23  first that plaintiff lacks standing to bring this action because he does not own the property at

24  issue. Defendants explain that on or about February 27, 2009, plaintiff transferred title to that

25  property to Total Trust, with himself as Trustee. Defendants request that the court take judicial

26  notice of the grant deed executed by Steve K. Zinnel on February 27, 2009, granting "to STEVE

7

1  K. ZINNEL, as Trustee of Total Trust initially established February 27, 2009, that certain real

2  property situated in the County of Sacramento, State of California, described as follows . . . ."

3  (Def'ts' Req. for Judicial Notice (Doc. 21-2) at 19.).

4           Plaintiff concedes that on February 27, 2009 he set up a family trust named Total

5  Trust, of which he is trustee, and transferred his home, i.e., the property at issue in this action, to

6  the trust.  (Pl.'s Opp'n (Doc. No. 34) at 9.)  Plaintiff argues, however, that "[s]ince the filing of

7  the Complaint in this action, Total Trust has assigned its legal claims against Defendants

8  Citimortgage, Inc. and CR Title Services, Inc. concerning the HOME located at 11966 Old

9  Eureka Way, Gold River, CA  95670, to Plaintiff."  (Id.)  Plaintiff argues further that, "as an

10 assignee of Total Trust, Plaintiff stands in the Total Trust's shoes and thus Plaintiff can assert

11 Total Trust's legal claims against Defendants Citimortgage, Inc. and CR Title Services, Inc."

12 (Id.)  In opposing the pending motion to dismiss, plaintiff has not offered a copy of the alleged

13 assignment or described the specific terms of the assignment.

14 III.  Analysis

15           The court begins by considering the parties' requests for judicial notice of various

16 documents.  The requests are granted with respect to matters of public record and are otherwise

17 denied.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)

18 (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v.

19 Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial

20 notice of matters of public record outside the pleadings).

21     A.  Standing

22           The court turns next to defendants' argument that plaintiff lacks standing to bring

23 this action.  Standing is a core component of the "case or controversy" requirement found in

24 Article III of the United States Constitution.  Barnum Timber Co. v. U.S. EPA, 633 F.3d 894,

25 897 (9th Cir. 2011).  Whether the plaintiff has made out a "case or controversy" between himself

26 and the defendant within the meaning of Article III "is the threshold question in every federal

1   case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490,

2   498 (1975).  Moreover, even when a plaintiff alleges an injury sufficient to meet the "case or

3   controversy" requirement, "the plaintiff generally must assert his own legal rights and interests,

4   and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422

5   U.S. at 499.  See also Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir.

6   2010) ("Standing addresses whether the plaintiff is the proper party to bring the matter to the

7   court for adjudication.")  In general, standing is determined as of the date of the filing of the

8   complaint, and it is the plaintiff who has the burden of establishing the elements required for

9   standing.  Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005), abrogated on other grounds by

10  Levin v. Commerce Energy, Inc., ___ U.S. ___, 130 S. Ct. 2323 (2010).

11          Under Article III of the United States Constitution, federal courts cannot entertain

12  a litigant's claims unless that party satisfies its burden to demonstrate both constitutional and

13  prudential standing to sue.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  To meet

14  constitutional requirements, a plaintiff must show that (1) he has suffered an "injury in fact"

15  which is "concrete and particularized" and "actual or imminent"; (2) the injury is fairly traceable

16  to the challenged actions of the defendant; and (3) "it [is] 'likely,' as opposed to merely

17  'speculative,' that the injury will be redressed by a favorable decision." Id. at 560-61 (internal

18  quotations and citations omitted).  In contrast to constitutional standing, prudential requirements

19  for standing include whether the plaintiff is asserting his or her own legal rights and interests,

20  rather than those of third parties.  Smelt v. County of Orange, 447 F.3d 673, 682-83 (9th Cir.

21  2006).

22          Standing requirements that are not constitutional in nature are referred to as

23  "prudential" rules and are designed to ensure that the plaintiff, rather than some third party, is

24  entitled to assert the legal claims at issue.  One such rule is Federal Rule of Civil Procedure 17,

25  which requires that the plaintiff be the "real party in interest" with respect to each claim sued

26  upon.  Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real property in

9

1   interest."). In general, the real party in interest is the person holding title to the claim or property

2   involved, as opposed to persons who may be interested in or may benefit from the litigation in

3   some way. See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004) (holding that

4   prudential standing encompasses, among other things, the general prohibition on a litigant raising

5   another person's legal rights).

6          Here, defendants argue that the real party in interest in this action is the person

7   who has the right to sue under the substantive law and that, under California law, it is the person

8   who owns or holds title to the property involved who has that right. (Def'ts' Mem. of P. & A.

9   (Doc. No. 21-1) at 4.) Defendants conclude that plaintiff, having transferred title to the subject

10  property to Total Trust, holds no interest in whether the property is sold at trustee's sale or

11  whether title is quieted in his name. (Id.)

12         It is undisputed that the owner of the property involved in this case is Total Trust.

13  A trust is not a legal entity and has no capacity to sue. Title to the assets of the trust may be held

14  by the trustee on behalf of the beneficiaries. The law of the state where the trust was created

15  determines who is the real party in interest on claims held by the trust. William W. Schwarzer, et

16  al., California Practice Guide, Fed. Civ. P. Before Trial ¶ 7.7 (2011) (citing Karras v. Teledyne

17  Indus., Inc., 191 F. Supp. 2d 1162, 1170-73 (S.D. Cal. 2002)).

18         On the record before the court, it appears that when this action was brought

19  plaintiff may well have had constitutional standing with respect to his claims related to the

20  mortgage loan on the property in question. In this regard, plaintiff is not a party who had no

21  obligation on a mortgage loan who would therefore lack standing to pursue litigation on claims

22  related to the loan. See Thomas v. Guild Mortg. Co., No. CV 09-2687-PHX-MHM, 2011 WL

23  676902, at *4 (D. Ariz. Feb. 23, 2011) (citing cases holding that parties who acquired properties

24  by various means but were not parties to the mortgage loans on the properties lacked standing to

25  assert claims against the lender to recover damages or enforce the contract in any manner).

26  /////

1    It also appears that plaintiff may have had constitutional standing relative to the

2    property involved, even if it is owned by Total Trust, because he is the trustee, or a trustee, for

3    the trust and may be the real party in interest for purposes of pursuing the trust's legal claims.  In

4    addition, plaintiff resides in the home and contends that he placed the home in a trust to preserve

5    it for his children as beneficiaries.  Thus, the scheduled foreclosure sale may have constituted an

6    "injury in fact" which was "concrete and particularized" and undeniably imminent when plaintiff

7    filed this action.  Plaintiff's allegations suggest that the imminent injury, as he perceived it, was

8    traceable to challenged actions of the defendants, and it appeared likely, rather than merely

9    speculative, that the threatened injury could be redressed by a favorable decision of the court.

10   B.  Plaintiff's Pro Se Status

11   In his original complaint and in his first amended complaint, plaintiff presents

12   himself as the "owner" of the property at all relevant times, when in fact the property is an asset

13   of a trust for which plaintiff is the trustee, or a trustee.  The parties have not briefed and the court

14   is unable to determine on the present record whether plaintiff, as trustee for Total Trust, is the

15   real party in interest on any legal claims held by the trust.  Nor have the parties briefed the

16   validity and effect of plaintiff's purported assignment, as trustee, of the trust's legal claims to

17   himself.

18   What is clear, however, is that plaintiff, as a nonlawyer, cannot appear *in propria*

19   *persona* in federal court as a trustee or as any kind of representative of a trust.  See C.E. Pope

20   Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987) (affirming district court's order

21   dismissing one complaint without prejudice and striking another because nonlawyer trustee had

22   no authority to appear as attorney for the trust).  Although a non-attorney may appear *in propria*

23   *persona* on his own behalf, the privilege is personal to him and he has no authority to appear as

24   an attorney for others than himself.  Id. at 697.

25   Unincorporated associations, including trusts, must appear in federal court

26   through a licensed attorney.  Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993);

1    C.E. Pope, 818 F.2d at 697.  Likewise, a trustee many not appear pro se in federal court as a

2    trust's legal representative.  C.E. Pope, 818 F.2d at 696 (affirming district court's dismissal of a

3    complaint signed only by a nonlawyer trustee).  If an individual purporting to appear pro se is not

4    the actual "beneficial owner of the claims being asserted," the individual is not viewed as a party

5    conducting its own case personally within the meaning of 28 U.S.C. § 1654.  Id. at 697.

6            Here, Total Trust is the actual beneficial owner of the property involved and must

7    pursue its claims through an attorney.  Plaintiff, as a trustee of Total Trust, may be an appropriate

8    real party in interest for purposes of pursuing the trust's claims, but he must do so through an

9    attorney.  Plaintiff may also have some claims related solely to his mortgage loan on the property,

10   which he might be able to pursue pro se.  However, due to the vague and conclusory nature of

11   plaintiff's allegations, it is impossible to distinguish claims that plaintiff can pursue personally,

12   on the one hand, from claims that must be pursued by an attorney representing the trust or its

13   trustee, on the other hand.  Moreover, it appears that the claims are likely so intermingled that

14   plaintiff can proceed only through counsel.

15           Plaintiff is a nonlawyer trustee with no authority to appear for the trust.  The

16   undersigned will therefore recommend that this action be dismissed without prejudice to the

17   filing of a new action in federal court brought through counsel, or an action filed in state court.

18       C.  Plaintiff's Fourteen Causes of Action

19           In light of the recommendation that this action be dismissed due to plaintiff's

20   status as a nonlawyer trustee, the court finds it unnecessary to address plaintiff's claims

21   individually.  Nonetheless, the court has considered defendants' arguments concerning the

22   defects of plaintiff's fourteen causes of action and finds those arguments to be well taken.

23   Plaintiff's pleadings fall far short of the pleading requirements set forth above.  If plaintiff were

24   proceeding solely on his own personal claims, the court would recommend that defendants'

25   /////

26   /////

1   motion to dismiss be granted as to all claims and that many of plaintiff's claims be dismissed

2   with prejudice.[1]

3        D.   Futility of Amendment

4             The undersigned has carefully considered whether there is any possibility that

5   plaintiff may amend his complaint a second time to allege any cognizable claims that would not

6   be subject to dismissal.  "Valid reasons for denying leave to amend include undue delay, bad

7   faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

8   F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

9   Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely

10  given, the court does not have to allow futile amendments).

11            Here, the pro se plaintiff has already amended his complaint once.  He attempted

12  to obtain defendants' stipulation to the filing of a second amended complaint but did not provide

13  defendants's counsel with a proposed second amended complaint for counsel's consideration.

14  Plaintiff has also moved twice to amend his first amended complaint but did not attach a

15  proposed second amended complaint for the court's consideration.

16            In plaintiff's first motion for leave to amend, filed December 2, 2010, plaintiff

17  asserted his desire to add new defendants, add new causes of action, and amend several of his

18  fourteen existing causes of action.  (Pl.'s Mot. for Leave to File Second Am. Compl. (Doc. No.

19  40) at 2.)  The motion did not indicate how many defendants plaintiff would add if permitted to

20

21            [1]  For instance, plaintiff's federal claim under the Fair Debt Collection Practices Act
    would fail to state a cognizable claim because the act of foreclosing on property pursuant to a
22  deed of trust is not the collection of a debt within the meaning of that statute.  See McFadden v.
    Deutsche Bank Nat. Trust Co., No. 2:10-cv-3004 JAM KJN PS, 2011 WL 3606797, at *10 (E.D.
23  Cal. Aug. 16, 2011) (and cases cited therein).  Likewise, plaintiff's RICO claims are not
    cognizable because he has failed to allege facts identifying either the necessary predicate offense
24  or an illicit enterprise as required under that statute.  See Pedersen v. Greenpoint Mortgage
    Funding Inc., No. CIV S-11-0642 KJM EFB, 2011 WL 3818560, at *12 (E.D. Cal. Aug. 29,
25  2011) ("Neither fraud, in and of itself, nor the creation of fraudulent loan documents are
    predicate offenses under RICO."); Ram v. Wachovia Mortgage, FSB, No. CIV S-10-1834 LKK
26  DAD PS, 2011 WL 1135285, at *10 (E.D. Cal. Mar. 25, 2011) (and cases cited therein).

amend his complaint a second time, but plaintiff identified four indispensable defendants he

would add:  Residential Funding Company, LLC; Deutsche Bank Trust Corporation; Deutsche

Bank National Trust Company; Sanjiv Das, CEO of CitiMortgage, Inc.; and Lisa Markham, Vice

President CitiMortgage, Inc.  (Id. at 3-4.)  Plaintiff was silent as to the citizenship of the two

individual defendants listed above, the claims he would allege against the four proposed

defendants, and the reason he claimed the proposed defendants are indispensable to this action.

(Id.)

            Plaintiff's first motion to amend also listed the following as some, but not all, of

the new causes of action he would allege against unspecified defendants:  lack of standing to

foreclose or collect a debt; negligence; violations of California's Robbins-Rosenthal Fair Debt

Collection Practices Act, Cal. Civil Code § 1788, et seq.; violations of Cal. Civ. Code § 1785.25;

conversion; civil conspiracy; negligent misrepresentation; breach of fiduciary duties; aiding and

abetting breach of fiduciary duties; aiding and abetting fraud; promissory estoppel.  (Id. at 4-5.)

In addition, plaintiff stated that he would amend his existing causes of action for unjust

enrichment, intentional infliction of emotional distress, and quiet title, but provided no

information about the amendments he would make.  (Id. at 4.)

            The court denied plaintiff's first motion for leave to amend without prejudice to

consideration of possible amendment in the context of defendants' motion to dismiss.  (Order

filed December 13, 2010 (Doc. No. 45) at 2.)  As soon as the court vacated the further settlement

conference and re-set defendants' motion to dismiss for hearing, plaintiff re-filed his motion to

amend his amended complaint.  (Plt.'s Renewed Motion for Leave to File Second Am. Compl.

(Doc. No. 56).)  Again, no proposed second amended complaint was provided by plaintiff.

Plaintiff identified the same proposed new defendants previously listed, as well as two more

individual defendants, with no citizenship information provided as to one of them.  (Id. at 4.)  As

before, plaintiff's renewed motion to amend was silent as to the claims he would allege against

the proposed new defendants and silent as to the reason he believes any of them to be

1  indispensable to this action.  (Id.)  Plaintiff listed the same eleven new causes of action

2  previously proposed and added four more:  wrongful credit reporting; preliminary and permanent

3  injunction; determine nature, extent and validity of lien under California Commercial Code §

4  9313; unfair and deceptive acts and practices.  The renewed motion, like its predecessor, was

5  denied without prejudice to consideration of plaintiff's desire to amend in the context of

6  defendants' motion to dismiss.  (Order filed Apr. 29, 2011 (Doc. No. 57) at 1.)

7         It appears unlikely that the pro se plaintiff can cure the defects of any of his claims

8  while simultaneously limiting those claims to his personal claims rather than those of the trust.

9  Thus, granting the pro se plaintiff leave to file a second amended complaint in this case would be

10  futile.

11                          CONCLUSION

12         For the reasons set forth above, IT IS ORDERED that the parties' requests for

13  judicial notice are granted solely with regard to public records and are otherwise denied; and

14         IT IS RECOMMENDED that:

15         1.  Defendants' motion to dismiss plaintiff's action (Doc. No. 21 ) be granted; and

16         2.  This action be dismissed without prejudice to the filing of a new action in

17  federal court brought through counsel, or a new action filed in state court.

18         These findings and recommendations will be submitted to the United States

19  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

20  fourteen days after being served with these findings and recommendations, any party may file

21  and serve written objections with the court.  A document containing objections should be titled

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

23  shall be filed and served within seven days after the objections are served.  The parties are

24  advised that failure to file objections within the specified time may, under certain circumstances,

25  /////

26  /////

1  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

2  Cir. 1991).

3  DATED: September 9, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:kw
   zinnel2406.mtd.f&r

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26